*EXHIBIT B*

9/2/2016 4:41:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12526186
By: Monica Ovalle
Filed: 9/2/2016 4:41:24 PM

## 2016-59461 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY BREAUX | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION TOGETHER WITH
REQUESTS FOR DISCLOSURE, INTERROGATORIES
AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BARRY BREAUX, Plaintiff complaining of STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, Defendant, and for cause of action would

respectfully show the following:

## I.
### DISCOVERY LEVEL

1.1  Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

## II.
### PARTIES

2.1  Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

(hereinafter "STATE FARM") is a private, for-profit insurance carrier licensed to conduct

business in the State of Texas and which may be served with process by serving its registered

agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin TX 78701-3218.

**_Issuance of citation is requested at this time._**

*EXHIBIT B*

## III.
### VENUE AND JURISDICTION

3.1     Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code as the underlying accident giving rise to this suit occurred in Harris County, Texas.

3.2     The amount of damages sustained by Plaintiff is in excess of the minimal jurisdictional limits of the Court.

## IV.
### BACKGROUND FACTS

4.1     On October 12, 2012, Plaintiff, BARRY BREAUX, was operating his motor vehicle in Houston, Harris County, Texas.  Tortfeasor, ALEJANDRO RODRIGUEZ was negligent when he collided with Mr. Breaux's vehicle.  Mr. Rodriguez's negligence was the proximate cause of Plaintiff's severe personal injuries and damages.

4.2     Mr. Rodriguez's insurance carrier has tendered its limits to Plaintiff; however, the "limits" are not a sufficient amount to properly compensate Plaintiff for his past and future damages.

4.3     Further, at the time of the subject accident, Plaintiff, BARRY BREAUX was covered under an uninsured/underinsured motorist policy underwritten by STATE FARM.  Plaintiff has met all conditions precedent, and his injuries severe enough, to sustain an offer of limits from Plaintiff's auto insurance carrier, STATE FARM.

*EXHIBIT B*

CAUSES OF ACTION
V.
VIOLATIONS OF TEXAS INSURANCE CODE

BREACH OF INSURANCE CODES 542.056 and 542.057

5.1    Mr. Breaux made application for benefits according to the uninsured/underinsured coverage afforded under the policy. Defendant, STATE FARM, has not made a good faith effort in properly adjusting the claim, has not timely acted on the claim and has not timely paid the claim.

VI.
VIOLATION OF TEXAS INSURANCE CODE 541.051

6.1    Defendant, STATE FARM, has engaged in a course of conduct in violation of the Texas Insurance Code and Regulations 541.051 which prohibits unfair and deceptive practices in the business of insurance. Specifically, the Defendant STATE FARM has:

1.   Represented that its services were of a particular quality, when they were of another;

2.   Represented that the insurance agreement contained or involved, rights, remedies provisions, or obligations that it did not have or involve;

3.   Misrepresented that claims would be paid in a reasonable and timely manner;

4.   Failed to deal in good faith with Mr. Breaux regarding the payment of his underinsured motorist claim and failed to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

5.   Engaged in unfair, deceptive acts or practices in the business of insurance;

6.   Failed within the statutory time periods to affirm or deny coverage of a claim to a policyholder and failed to respond to (accept or reject) a claim and failed to pay a claim;

7.   Misrepresented an insurance policy by making an untrue statement of material fact;

8.   Failed to state a material fact that is necessary to make other statements made not misleading under the circumstances; and

*EXHIBIT B*

9.  Made a material misstatement of law.

6.2    Such acts, representations, and violations by Defendant STATE FARM constitute unfair practice in the business of insurance and further constitute a direct and producing cause of the damages suffered by Mr. Breaux which include, but are not limited to:   the amount of the benefits he has been wrongfully denied, mental anguish, court costs, and attorney's fees in an amount within the jurisdictional limits of this Court.

6.3    Moreover, Defendant STATE FARM's violations of the Insurance Code were made knowingly.  Thus Mr. Breaux is entitled to damages in an amount equal to three times the actual damages**.**

6.4    Additionally, STATE FARM has engaged in conduct which violates provisions of Chapter 541.060 of the Texas Insurance Code, particularly:

a. STATE FARM violated section §541.060(a)(2)(A) by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b. STATE FARM violated section §541.060(a)(3) by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c. STATE FARM violated section §541.060(a)(7) by refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and

d. STATE FARM violated section §541.060(a)(4) by failing to affirm or deny coverage of a claim or submit a reservation of rights.

6.5    STATE FARM **knowingly** committed the foregoing acts - as that term is defined in section §541.002(1) of the Texas Insurance Code.

6.6    Because of STATE FARM'S wrongful conduct, Mr. Breaux was forced to retain an attorney to protect his interests.  Mr. Breaux is entitled to reasonable and necessary attorney's

fees incurred in the preparation, prosecution and appeal, if any, of this case pursuant to §541.152 of the Texas Insurance Code.

6.7     Because STATE FARM's actions, as described above, were committed knowingly, and pursuant to §541.152, Mr. Breaux seeks to recover triple the amount of her actual damages.

## VII.
### BREACH OF CONTRACT

7.1     Defendant STATE FARM agreed, through a contract of automobile insurance that included payment of additional premiums, to provide to Mr. Breaux uninsured/underinsured motorist coverage.  As required by the insurance contract, Mr. Breaux submitted a valid claim for policy benefits.  In derogation of its duty, Defendant STATE FARM breached its contractual duty to Mr. Breaux in not affording him proper and just compensation for his damages sustained as a result of the subject collision.  This breach of contract has caused Mr. Breaux to suffer further loss of consequential damages. The conduct of STATE FARM constitutes a breach of contract and Plaintiff would further show that:

    a. STATE FARM failed and/or refused to pay Mr. Breaux's claim promptly; and

    b. STATE FARM failed and/or refused to evaluate and investigate Mr. Breaux's claim fairly.

7.2     Each of these acts constitute a breach of the written contract by STATE FARM which further entitles Mr. Breaux to an award of attorney's fees for bringing this action on a written contract within the meaning of Civil Practice and Remedies Code §38.001.

## VIII.
### VIOLATION OF DECEPTIVE TRADE PRACTICES ACT

8.1     Mr. Breaux was a "consumer" as that term is defined in the Deceptive Trade Practices Act Business and Commercial Code, § 17.54(a) when he entered into the above described automobile insurance policy.   Defendant STATE FARM, and its claims adjuster(s), their

*EXHIBIT B*

representatives and/or agents, committed various violations under Art. 17.01, et seq. of the Texas

Business & Commerce Code.  Such law prohibits false, misleading, or deceptive acts or practices

in the conduct involving trade or commerce and STATE FARM'S violations of such code

include, but are not limited to, the following acts:

> 1. Representation that STATE FARM'S services were of a particular quality, when they
> were of another;
>
> 2. Representation that the insurance agreement contained, or involved rights, remedies, or
> obligations that it did not have, or involve;
>
> 3. Misrepresentation that claims would be paid in a reasonable and timely manner.

Each and all of the foregoing were direct and proximate causes of the damages alleged

herein.

8.2     As a matter of law, Mr. Breaux is entitled to three times the amount of actual damages

found by the jury, court costs, reasonable attorneys' fees, and pre-judgment and post-judgment

interest.

8.3     Defendant STATE FARM also violated the Texas Deceptive Trade Practice Act §

17.50(a) (4) by using and employing an act or practice in violation of the Insurance Code.

8.4     The acts complained of above directly and proximately caused Mr. Breaux damages in an

amount within the jurisdictional limits of this court.

8.5     The acts complained of above were committed knowingly and/or intentionally, thus

entitling Mr. Breaux to three times the economic and mental anguish damages, or alternatively to

three times the economic damages plus mental anguish damages.

## IX.
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

9.1     Defendant STATE FARM owed a duty of good faith and fair dealing under the insurance

contract in effect between Mr. Breaux and said Defendant. Even though the responsibility of

*EXHIBIT B*

STATE FARM, under the insurance contract, was reasonably clear at the time of the conduct alleged herein, Defendant STATE FARM failed in good faith to pay the claims. Defendant STATE FARM knew or reasonably should have known, through the exercise of reasonable diligence, that liability for the undisputed amount of her claims was clear. Defendant STATE FARM'S failure to act in good faith and fair dealing under the contract proximately and directly caused economic injury to Mr. Breaux in that he has been deprived of the moneys owed for the claims asserted. Moreover, he has endured substantial, additional economic damages in that he has lost assets, property and economic benefits as a result of such breaches.

9.2    Defendant STATE FARM breached their duty willfully or through gross negligence and are liable for exemplary damages, for which Mr. Breaux seeks an amount sufficient to punish said Defendant and deter them and others who might engage in similar conduct.

## X.
### DAMAGES

10.1    Defendant's wrongful acts, neglect, omissions and carelessness are the proximate and producing cause of Plaintiff's damages. As a result of Defendant's acts and omissions, Plaintiff has incurred damages, in the past and future, including but not limited to, physical pain, mental anguish, physical impairment, medical expenses, loss of earnings, loss of earnings capacity, and loss of enjoyment of life. In reasonable probability, Plaintiff will continue to suffer physical pain, mental anguish, physical impairment, medical expenses, loss of earnings, and loss of earnings capacity and loss of enjoyment of life in the future. Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will, in reasonable probability be

*EXHIBIT B*

made in the future, have been and will be reasonable charges made necessary by the accident made the subject of this suit.

10.2     Additionally, Plaintiff seeks his attorney's fees, reasonably expended, for the prosecution of this matter together with 18% interest as provided by law. Further Plaintiff seeks his consequential damages and additional, statutory, punitive and exemplary damages, for Defendant's breach of good faith and fair dealing and their "knowing or intentional" violations of the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Insurance Code.

10.3     Pursuant to Rule 47(c)(1), as amended, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## XI.
### PERFORMANCE OF CONDITIONS PRECEDENT

11.1   Plaintiff has performed all conditions precedent to bring this action and recover, pursuant to the terms of the contract and Texas law.

## XII.
### PRE AND POST-JUDGMENT INTEREST

12.1   Plaintiff would additionally show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages outlined herein.  Plaintiff here and now sues for recovery of pre-judgment interest, as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## XIII.
### RULE 194 REQUESTS FOR DISCLOSURE TO STATE FARM

13.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within fifty (50) days of service of this Amended Petition and this request, the information or material described in Rule 194.2(a)-(k).

*EXHIBIT B*

## XIV.
### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT STATE FARM

14.1    Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached Interrogatories, Exhibit "A," to be propounded to Defendant STATE FARM.  You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure  and the provisions of Rule 14 shall not apply.

14.2    You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his answer if he obtains information upon the basis of which (a) he knows that the answer was incorrect when made, or (b) he knows the answer, though correct when made, is no longer true and the circumstances are such that his failure to amend the answer is in substance a knowing concealment.

14.3    If any space left for your answer is insufficient, please attach a separate sheet to complete such answer. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

## XV.
### PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT STATE FARM

15.1    Plaintiff propounds the attached Requests for Production as Exhibit "B" pursuant to Rule 196 of the Texas Rules of Civil Procedure, requiring that Defendant produce, or permit the undersigned attorney to inspect and copy or reproduce the items hereinafter designated on Exhibit "B" attached hereto.  Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 1010 Lamar, Suite 1600,  Houston, Texas 77002, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.  In the event a request is

*EXHIBIT B*

objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection. Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## XVI.
### PRAYER

16.1   Plaintiff prays that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiff have judgment against Defendant, that he recover damages in accordance with the pleadings and evidence, that he recover costs of Court herein expended, that he recover interest, both pre and post-judgment, to which he is entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which he may be justly entitled.

Respectfully submitted,

FARRAR & BALL, LLP

_____
DAVID ROMAGOSA
State Bar No. 24047493
1010 Lamar, Ste. 1600
Houston, Texas 77002
Telephone:     713.221.8300
Facsimile:      713.221.8301
Email:          david@fbtrial.com

ATTORNEYS FOR PLAINTIFF

*EXHIBIT B*

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.      "Defendant or Defendants" refers to STATE FARM and/or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY either singularly or collectively, their attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in their behalf.

2.      "You" or "Your" refers to Defendant, STATE FARM and/or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and all persons acting on behalf of Defendants in this suit including, but not limited to, Defendants'   attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in their behalf.

3.      "Parties" refers to BARRY BREAUX and STATE FARM and/or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

4.      "Plaintiff" refers to BARRY BREAUX.

5.      "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

6.      "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

7.      "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

8.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

9.      "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

10.     "Petition" refers to the Plaintiff's Original Petition and any and all amended or supplemental petitions that Plaintiff files in this lawsuit.

*EXHIBIT B*

11.     "And/or" shall not be interpreted to limit or to create an election whereby the Defendants may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

12.     "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

13.     The "collision" refers to the collision made the basis of this lawsuit, which occurred on October 12, 2012, involving ALEJANDRO RODRIGUEZ and BARRY BREAUX.

14.     "Negligence" means failure to use ordinary care that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

15.     "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

16.     "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result there from.  There may be more than one proximate cause of an event.

17.     "Identify" has the following meanings:

(a)     When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

(b)     When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

(c)     When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

(d)     When used in reference to a communication, it means:
>            (i)     to state the manner in which the communication occurred (by document, by telephone conversation, or by meeting, etc.);
>            (ii)    if the communication was by document, to identify each person who sent and received the document and state the date on which        and    place to which the document was sent and received;

*EXHIBIT B*

(iii)   if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person;

(iv)   if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and

(v)   if by means other than those described above, to identify each person who received the information communicated, to identify each natural   person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

*EXHIBIT B*

Exhibit A
***PLAINTIFF'S INTERROGATORIES TO DEFENDANT***

**INTERROGATORY NO. 1:**

State in detail the organizational history of STATE FARM, including its correct name, state of incorporation or organization, main office address, principal place of business in the State of Texas, type(s) of business(es) in which it is or has been engaged, and the years in which it is or was so engaged.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state in detail each and every action taken by STATE FARM to investigate the claim made the basis of this suit, including identifying all persons contacted and the dates and results of all tests or inspections performed.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please identify each person and/or persons employed by you that participated in reviewing the claim made a basis of this suit. This includes, but is not limited to, the adjuster, claims manager, and unit supervisor. For each person, please state their name, address, telephone number, position or title, and whether they are still employed by you.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please provide a description of all "computer database(s)" including, but not limited to Colossus and/or Claims Outcome Advisor, that were used in the evaluation Plaintiff's claim. Include the following information:

(a).    the location, identity, and subject matter of "computer database(s)";

(b).    identity of Defendant's personnel with most knowledge concerning programming of "computer database(s)";

(c)    identity of Defendant's personnel with most knowledge of the type of information contained on the "computer database(s)";

*EXHIBIT B*

    (d)      identity of Defendant's personnel with most knowledge concerning the search capabilities of the "computer database(s)"; and

    (e)      identity of the custodian of the "computer database(s)."

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all lawsuits in the state of Texas in the past five (5) years to which STATE FARM is, or has been, a party in any capacity relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Article 542.003 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and/or violations of Article 542.056 of the Texas Insurance Code.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please state the date you first received written notification of the claim that forms a basis of this lawsuit and identify all documents evidencing such facts.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please state the date you contend, if any, you first notified Plaintiff in writing of the acceptance or rejection of the claim and identify all documents evidencing such facts.

**ANSWER:**

**INTERROGATORY NO. 8:**

For the insurance policy that forms a basis of this lawsuit, state:

    i)       The name, principal place of business and telephone number of the insurer;
    ii)     The name, address and telephone number of the named insured(s);
    iii)    The policy number;
    iv)    The effective dates of coverage;
    v)     The types of coverage included (e.g., property damage);
    vi)    The amount of coverage;
    vii)   The dates of premium payment;
    viii)  The amount of the premium payment on each date

**ANSWER:**

**INTERROGATORY NO. 9:**

With regard to the period of time from 2002 through the present, describe your document retention and/or document destruction policies, including the date the policy was implemented, in what written form (if any) they exist, the length of time set forth before specific types of documents are destroyed, and the officer or officers in charge of implementing such document retention or destruction policies, and identify any documents or category of documents that have been requested in this lawsuit which Defendant has reason to believe have been lost or destroyed.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you contend that the Plaintiff has failed to comply with any condition precedent to the contract of insurance that forms a basis of this suit, please state the basis for your contention and all facts supporting such contention.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that the claim in question is excluded from coverage for any reason under the contract of insurance that forms the basis of this suit, please state the basis for your contention and all facts supporting such contention.

**ANSWER:**

**INTERROGATORY NO. 12:**

Please state the full name, address, job title, and employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify your employee, agent or representative responsible for making decisions on whether to provide Plaintiff benefits under the uninsured and/or underinsured motor vehicle and/or motorist in the policy of insurance issued to BARRY BREAUX with respect to the incident made the basis of this lawsuit.

*EXHIBIT B*

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify your employee, agent or representative with the most knowledge of your policy regarding payment of benefits pursuant to uninsured/underinsured protection in the policies of insurance issued by you to BARRY BREAUX and in force and effect on the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 15:**

Describe fully what criteria, if any, must be met before an uninsured/underinsured claim is considered by you for payment.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you contend that any of the injuries Plaintiff claims resulted from the wreck were pre-existing or were caused by a subsequent injury or illness:

    (a)    State in detail each such contention; and

    (b)    State the name, address, and telephone number of each person who possesses knowledge of relevant facts relating to each such contention.

**ANSWER:**

**INTERROGATORY NO. 17:**

If you contend Plaintiff has exaggerated any complaint, symptom, or impairment in connection with the injuries alleged to have been sustained in the wreck:

    (a)    Identify each complaint, symptom or impairment which has been exaggerated; and

    (b)    State the name, address and telephone number of each person who has knowledge of relevant facts with respect to each of your contentions.

**ANSWER:**

*EXHIBIT B*

**INTERROGATORY NO. 18:**

If you contend any medical service Plaintiff received as a result of the underlying incident was unnecessary, or that any charges for a medical service was received as a result of the underlying incident was unreasonable:

> (a)   Identify each medical service and expense you contend was unreasonable or unnecessary;

> (b)   State in detail the facts underlying each such contention; and

> (b)   State the name, address, and telephone number of each person who possesses knowledge of relevant facts relating to each such contention.

**ANSWER**

*EXHIBIT B*

Exhibit B
*PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT*

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all claim forms submitted by Plaintiff to Defendant for property damage and/or personal injuries while he has been insured with STATE FARM.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Copies of all documents that refer or relate to Plaintiff's claims that are the subject of this lawsuit not being covered or excluded under the insurance policy issued by Defendant that is a subject of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the amount of any loss reserves that you have established, set aside, or reported relating to Plaintiff's claims for uninsured-underinsured motorist coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All of Defendant's policies and procedures that refer or relate to uninsured-underinsured motorist coverage during the period of 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All of Defendant's policies and procedures that refer or relate to personal injury protection (PIP) coverage during the period of 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All of Defendant's policies and procedures that refer or relate to medical review committees during the period of 2003 to present.

*EXHIBIT B*

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All of Defendant's meeting minutes that refer or relate to uninsured-underinsured motorist coverage during the period of 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All of Defendant's meeting minutes that refer or relate to personal injury protection (PIP) coverage during the period of 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to Defendant's guidelines, policies, and procedures that serve as criteria for evaluation whether claims are covered or excluded by any policy provisions Defendant contends apply to Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Copies of all documents, manuals, and training materials, including audio and video tapes used in training, overseeing, or supervising Defendant's claims handling personnel in the handling and/or adjusting of claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

A copy of each advertisement Defendant has used in the State of Texas for the past five (5) years as they relate to personal lines automobile liability insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

*EXHIBIT B*

Defendant's claim diary and/or log that refers or relates to the automobile collision that forms a basis of this lawsuit or Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All reports, memoranda, or other documents related to your evaluation of Plaintiff's claims for benefits relating to the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All correspondence between you and Plaintiff or Plaintiff's representatives concerning Plaintiff's claim for benefits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All liability work-ups or reports relating to Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Plaintiff were payable or not payable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All records of every telephone conversation regarding Plaintiff, claims made by Plaintiff, and/or the automobile collision that forms a basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

*EXHIBIT B*

All documents setting forth any opinion regarding the interpretation and application of any exclusion, limitation, or other policy provision regarding Plaintiff's claims relating to the collision in question, to the extent that you relied on any such document in making your evaluation of Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All bills and/or estimates from any body shop and/or repair shop which repaired vehicles involved in the incident that made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all documents ordered by Defendant including their counsel by virtue of an authorization signed by Plaintiff, including but not limited to, medical records, medical bills, social security records, employment records, and/or tax records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Complete copies of correspondence and/or other documents between Defendant and any and all physician, including "peer review" and "IME" physicians, that refers to or relates to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Complete copies of all bills, invoices, canceled checks or other items evidencing amounts paid by you to any and all physicians, including "peer review" and "IME" physicians, for any record reviews or reports performed or prepared by him that refer or relate to the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Complete copies of all "medical peer review" reports prepared for you by any and all physicians,

*EXHIBIT B*

including "peer reviews" and "IME" physicians pertaining to the Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**

Copies of all correspondence, e-mails, or similar documents, received by you from any and all physicians, including "peer reviews" and "IME" physicians pertaining to the Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**

Copies of all correspondence, e-mails, or similar documents sent by you to any and all physicians, including "peer review" and "IME" physicians pertaining to the Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**

All personnel files for individuals that were employed by Defendant that participated in the evaluation and/or handling, in whole or in part, of Plaintiff's claims that form a basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All documents sent by Plaintiff, including his agents or representatives, to Defendant prior to being served with this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents sent by Defendant including its agents, employees, or representatives, to Plaintiff, including their agents or representatives, prior to being served with this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**

*EXHIBIT B*

All documents that refer or relate to Defendant's notice of Plaintiff's claim relating to uninsured/underinsured motorist coverage prior to the date this lawsuit was filed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

A copy of the insurance policy issued by Defendant to BARRY BREAUX that governs the insurance coverage for the automobile collision that forms a basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Your entire "underwriting" file for the insurance policy in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

Your entire claim file on any other policy that you issued to Plaintiff, including but not limited to, all documents relating to Plaintiff's claims for benefits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

All documents Defendant sent to or received from the insurance agency that sold the insurance policy in question that refers or relates to Plaintiff or Plaintiff's representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

All documents that refer or relate to the scope of authority, agency, and/or business relationship between Defendant and the insurance agency that issued and/or sold the insurance policy that forms a basis of this lawsuit.

**RESPONSE:**

*EXHIBIT B*

**REQUEST FOR PRODUCTION NO. 35:**

Copies of all complaints received by this Defendant from its insureds in the State of Texas that refer or relate to underinsured/uninsured motorist coverage for the five (5) years prior to this accident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Copies of all lawsuits, Federal and State, filed by Defendant's insureds naming Defendant in the State of Texas that refer or relate to underinsured/uninsured motorist coverage for the five (5) years prior to this accident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Copies of all complaints received by this Defendant from its insureds in the State of Texas that refer or relate to personal injury protection (PIP) coverage for the five (5) years prior to this accident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Copies of all lawsuits, Federal and State, filed by Defendant's insureds naming Defendant in the State of Texas that refer or relate to personal injury protection (PIP) coverage for the five (5) years prior to this accident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

Any complaint list, complaint journal, or similar document for the most recent five (5) year period.  This request seeks any list kept in the form required by the Texas Department of Insurance pursuant to 28 Tex. Admin. Code § 21.203(6).

**RESPONSE:**

*EXHIBIT B*

**REQUEST FOR PRODUCTION NO. 40:**

Your claims journal for the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All claims and underwriting files for each claim you have denied in the past five (3) years for any reason that you contend supports your denial or evaluation of Plaintiff's claims relating to the automobile collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

All documents showing premiums paid with respect to the insurance policy in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

Copies of all petitions and complaints filed in any lawsuits in the past five (5) years to which you are, or have been, a party in any capacity relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Article 542.003 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and/or violations of Article 542.056 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

Copies of all judgments that have been rendered against you in lawsuits in the past five (5) years that refer or relate to claims of "bad faith", deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of Article 542.003 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and/or violations of Article 542.056 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

*EXHIBIT B*

Your most recent annual statement as filed with the Texas Department of Insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

All correspondence, memorandum, statements, tape records (or transcript thereof), summaries and/or any other documents regarding the incident made the basis of this lawsuit, and/or other issues involved in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

All physical objects, exhibits, or demonstrative evidence relating to the incident made the basis of this lawsuit

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

All documents referring to or reflecting any medical or other liens resulting from the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

Produce copies of any agreements or deals made with any third party concerning this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

All documents which constitute refer or relate to any contract, understanding or agreement entered into between you and any other Defendants concerning this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

*EXHIBIT B*

All documents, not produced in response to the previous requests, which pertain in any way to the Incident and/or the matters made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52**

All documents which negate any allegation or claim that in Plaintiff's Original Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

Produce all correspondence between any person associated with BARRY BREAUX and STATE FARM regarding this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Produce all correspondence between BARRY BREAUX and STATE FARM regarding this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

All statements given by any person regarding this incident.

**REQUEST FOR PRODUCTION NO. 56:**

A copy of the insurance policy issued by Defendant to BARRY BREAUX that governs the insurance coverage for the automobile collision that forms a basis of this lawsuit.

**RESPONSE:**